**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHARON R. KAPLAN, RICHARD A.
KAPLAN; on behalf of themselves and all others
similarly situated,

      840 Flying U Court
      Prescott, Arizona 86301,

        *Plaintiffs*,

      v.

GENWORTH LIFE INSURANCE
COMPANY; GENWORTH LIFE
INSURANCE COMPANY OF NEW
YORK; AARP INC.; AARP SERVICES,
INC.; AARP INSURANCE PLAN,

      GENWORTH LIFE INSURANCE
      COMPANY
      62620 West Broad Street
      Richmond, VA 23230

      GENWORTH LIFE INSURANCE
      COMPANY OF NEW YORK
      600 Third Avenue, Suite 2400
      New York, NY 10016

      AARP, INC., AARP SERVICES,
      INC., AARP INSURANCE PLAN
      601 E Street, N.W.
      Washington, D.C. 20049,

        *Defendants*.

Civil Action No. _____

**DEFENDANTS' NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

PLEASE TAKE NOTICE that Defendants Genworth Life Insurance Company, Genworth Life Insurance Company of New York, AARP, Inc., AARP Services, Inc., and AARP Insurance Plan hereby remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.  Removal is pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on the following grounds:

1.     On January 17, 2025, Plaintiffs Sharon R. Kaplan and Richard A. Kaplan, on behalf of themselves and all others similarly situated, filed a Complaint in the Superior Court of the District of Columbia, Case No. 2025-CAB-000322 (the "Action").

2.     On March 18, 2025, service of process was completed on Defendants Genworth Life Insurance Company and Genworth Life Insurance Company of New York (together, "Genworth") when they executed and returned an Acknowledgement of Service.

3.     On March 19, 2025, service of process was completed on Defendants AARP, Inc., AARP Services, Inc., and AARP Insurance Plan  (together, "AARP Defendants") when they executed and returned an Acknowledgement of Service.

4.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint, and any other pleadings and orders served in the Action, are attached as **Exhibit A**.

5.     In the Action, the Kaplans, individually and on behalf of a putative class, assert causes of action for:  (i) an alleged violation of the District of Columbia Consumer Protection Procedures Act (the "D.C. CPPA"); and (ii) an alleged breach of contract.

6.     This Court has jurisdiction over the Action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because: (i) this is a putative class action alleged to involve

more than 100 putative class members; (ii) there is minimal diversity of citizenship; and (iii) the aggregate amount in controversy excluding interest and costs exceeds $5,000,000.

### THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS

7.      The Kaplans assert claims on behalf of a putative class of more than 20,000 individuals throughout the United States who allegedly purchased Genworth's AARP-branded long term care insurance through group policies issued on insurance Form 7053.  (Compl. ¶¶ 1, 152(a).)  Based on the Kaplans' own allegations, the putative class exceeds 100 members, satisfying the first element for removal under CAFA.

### THERE IS MINIMAL DIVERSITY OF CITIZENSHIP

8.      To establish minimal diversity under CAFA, at least one member of the putative class and one defendant must be citizens of different states.  28 U.S.C. § 1332(d)(2)(A).

9.      "An individual has citizenship in a state for diversity purposes if he is an American citizen and is domiciled in the state." *CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016).  "Indicia of domiciliary status may include a person's current residence." *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 126 (D.D.C. 2014).  The Kaplans allege that they are residents of the State of Arizona.  (Compl. ¶¶ 34-35.)

10.     Additionally, the Kaplans allege that the putative class consists of approximately 20,000 individuals throughout the United States.  (Compl. ¶¶ 1, 152(a).)  Many of these putative class members are citizens of a different state than Defendants.  According to Genworth's records, persons in the putative class reside in all 50 States, the District of Columbia, and Puerto Rico. Moreover,  Genworth's records indicate that fewer than one percent of the putative class members reside in the District of Columbia.

11.     A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

12.     Genworth Life Insurance Company is incorporated under the laws of the State of Delaware.  Its officers direct, control, and coordinate its activities from its headquarters in Henrico County, Virginia.  Accordingly, Genworth Life Insurance Company's principal place of business is in the Commonwealth of Virginia.

13.     Genworth Life Insurance Company of New York is incorporated under the laws of the State of New York.  Its officers direct, control, and coordinate its activities from its headquarters in New York, New York.  Accordingly, Genworth Life Insurance Company of New York's principal place of business is in the State of New York.

14.     Defendant AARP, Inc. is incorporated or organized under the laws of the District of Columbia.  Defendant AARP Services, Inc. is incorporated under the laws of the State of Delaware, and Defendant AARP Insurance Plan is a grantor trust organized by AARP, Inc. under the laws of the District of Columbia.  The activities of each of the AARP Defendants are directed, controlled, and coordinated from District of Columbia headquarters.  Accordingly, the principal place of business for each of the AARP Defendants is the District of Columbia.

15.     Thus, there is minimal diversity of citizenship between the Kaplans and Defendants to establish CAFA jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

**THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

16.     The Kaplans allege violations of the D.C. CPPA, which authorizes damages of $1,500 per violation or treble damages, whichever is greater.  D.C. Code § 28–3905(k)(2)(A)(i).

17.     Statutory damages of $1,500 for each of the alleged 20,000 putative class members is $30,000,000, which exceeds the $5,000,000 threshold to establish CAFA jurisdiction under 28 U.S.C. § 1332(d)(2).

18.     The amount in controversy therefore exceeds the $5,000,000 threshold for CAFA jurisdiction under 28 U.S.C. § 1332(d)(2).

**NO ABSTENTION PROVISION APPLIES**

19.     The CAFA abstention provisions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state."  *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 138 (D.D.C. 2015) (quoting *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir.2006)).  In this Action, the putative class definition includes residents of all 50 States plus the District of Columbia and Puerto Rico, yet fewer than one percent of them appear to be citizens of the District of Columbia.  This Action thus presents a "genuinely national litigation" for which abstention is unavailable.

20.     More specifically, CAFA's mandatory abstention provisions can only apply if, among other requirements, "greater than two-thirds of the members of all proposed plaintiff classes  . . . .  are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4).  As fewer than one percent of the putative class appear to be citizens of the District of Columbia, neither of the mandatory abstention provisions are triggered here.

21.      Similarly, CAFA's discretionary abstention provision can only apply if, among other requirements, "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes . . . . are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3).  The discretionary abstention provision is thus inapplicable here, where far less than one-third of the putative class members are citizens of the District of Columbia.

## THIS NOTICE OF REMOVAL IS TIMELY

22.      Genworth was served with process on March 18, 2025 when it executed and returned an Acknowledgement of Service, which triggered its deadline to remove.  *See UMC Dev., LLC v. D.C.*, 982 F. Supp. 2d 13, 17 (D.D.C. 2013) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[T]he 30–day period for removal under 28 U.S.C. § 1446(b) does not run until a defendant is brought under the court's authority by formal service of process (or waiver of such service).")

23.      AARP returned its Acknowledgement of Service on March 19, 2025.

24.      This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

## REMOVAL TO THIS DISTRICT IS PROPER

25.      The Action was filed in the Superior Court of District of Columbia, and removal to this District, which encompasses the Superior Court, is therefore proper under 28 U.S.C. §§ 88, 1391, 1441(a), and 1446.

## DEFENDANTS WILL PROVIDE NOTICE
## TO THE KAPLANS AND THE SUPERIOR COURT

26.      Contemporaneously with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be given to the Kaplans, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the District of Columbia.

-7-

Respectfully submitted,

Dated:  April 17, 2025

*/s/ Drew W. Marrocco*

Drew W. Marrocco (Bar No. 453205)
Cassandra Beckman Widay (Bar No. 90022018)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006-1120
Telephone: (202) 496-7500
Facsimile:  (202) 496-7756

*Counsel for Defendants Genworth Life Insurance Co., Genworth Life Insurance Co. of New York, AARP, Inc., AARP Service, Inc. and AARP Insurance Plan*

-8-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2025, the foregoing document was served by U.S. mail and email on counsel for Plaintiffs using the contact information listed below:

Carlos Llinas Negret
Nelson & Fraenkel LLP
601 South Figueroa Street, Suite 2050
Los Angeles, California 90017
cllinas@nflawfirm.com

*/s/ Drew W. Marrocco*

Drew W. Marrocco
